PEACOCK & WIFE, Plaintiffs in Error, *vs.* SMART, Defendant in Error.

1. Under the third clause of the first section of the act concerning descents and distribution (R. C. 1845,) the grandfather, grandmother, uncles and aunts of the intestate, on the part of the parent from whom he inherited, are not preferred to his kindred in the same degree on the part of the other parent.

*Error to Jackson Circuit Court.*

*Hicks,* for plaintiff in error.   By the common law, ancestral heirs on the paternal side only could inherit.   Our statute only abolishes primogeniture, and establishes an equality of distribution without regard to sexes ; but it does not change the common law rule as to inheritable *blood.   Bevan* v. *Taylor,* 7 Serg. & R. 398.   *Jackson* v. *Haines,* 4 Dallas, 64, 66. 2 Binney, 285.   7 Cranch, 456, 470.   3 Halstead, 345.

*Smart & Sheley,* for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

Albert R. McCarty having inherited a lot in the town of Independence, from his father, James McCarty, died intestate and without issue, leaving neither mother, brother nor sister ; but leaving four aunts, the sisters of his father, and seven uncles and aunts, the brothers and sisters of his mother, and James Smart, the present defendant in error, his grandfather on the mother's side.   The grandfather, Smart, filed his petition for partition of the lot, claiming that he and the aunts and uncles of the deceased, on the paternal and maternal side, were each entitled to one-eleventh of the property.   Peacock, who was married to one of the aunts of the deceased, Albert R. McCarty, on the father's side, demurred to the petition on the ground that the property, having descended to Albert from his father, his kindred, on the mother's side, were not entitled to share in the inheritance.   The demurrer was overruled and judgment for partition, according to the petition, was given, and this writ of error is prosecuted to reverse the judgment.

1. The third clause of the first section of the act concerning descents and distribution directs, that property shall descend thus :   " If there be no children or their descendants, father, mother, brother or sister, nor their descendants, then to the grandfather, grandmother, uncles and aunts, and their descendants in equal parts."   The whole argument in favor of con-

struing the statute so as to confine the descent to the line of the ancestor from whom the intestate inherited the property, must rest upon the words, "grandfather" and "grandmother," used in the singular number ; and it is a little remarkable that these words are in the singular in the codes of 1835 and 1825, and in the act of 1822. Edwards' Compilation, 857. Notwithstanding this use of the word, in the singular number, it is plain from other parts of the act, which is now in force, as well as like provisions in those which have been passed since 1815, that all distinction in favor of kindred of the ancestor from whom the property descended, has been abolished. The act of 1815, and those previous thereto, made a distinction in their favor. The fourth clause of the first section of the present law directs the descent, in case there be no children or their descendants, father, mother, brother, sister, or their descendants ; grandfather, grandmother, uncle, aunt, or their descendants, and then the property is to go to the great grandfathers, great grandmothers, and their descendants, in equal parts ; and so on in other cases without end, passing to the nearest lineal ancestors and their children, and their descendants, in equal parts.

As there is not one word in the whole act that expresses a design of giving a preference between kindred of the ascending and collateral lines of equal degree, because of the source from which the intestate acquired the property, it would be an unwarrantable inference, from the use of the singular instead of the plural number, when the grandfather and grandmother are mentioned. It is obvious that the great grandfathers and great grandmothers are only to take when there is *no* grandfather, grandmother, &c. It is not said here, that there is any distinction as to the line to which the grandfather or grandmother belongs ; but it is only when there is *no* grandfather, grandmother, uncles or aunts, that the great grandfathers and their descendants come to the inheritance. There is not a word in the statute that countenances the idea, that property acquired by descent from an ancestor, is to pass in a different

line, or to different persons, from the line and the persons to whom property would pass, which was acquired by the intestate by purchase. It has been said in argument, that we are to construe our statute of descents as changing the common law, and only changing it so far as the intention to change it is expressed. The subject of the descent of property has been regulated here by statute since 1807 ; and when the common law was adopted, it was not allowed to affect the statute law. It can, in such case, only be resorted to for a rule, where the statute has manifestly left a case unprovided for. Such is not the present case. The judgment is, with the concurrence of the other judges, affirmed.