CUTHBERT W. LAING, Admr.

*v.*

A. H. BURLEY.

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

NATIONAL BANKS—*who is a "shareholder" that is made liable for debts of bank.*    While it may be true that a bank organized under the National Banking law may not be bound to admit a purchaser of shares of stock in the association to all the rights and liabilities of the prior holder, unless the transfer is made on the books of the bank in the manner prescribed by the by-laws or articles of association, yet where it *does* issue certificates of shares to a subsequent purchaser in lieu of the certificates of the prior owner, without observing its by-laws, so far as creditors of the bank are concerned a party taking and holding such shares of stock will be subject to the liabilities imposed by section 5151 of the National Banking law.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WALLACE & MASON, for the appellant:

Title to stock is determined by the transfer books of the company. Angell & Ames on Corp. sec. 113; *Long Island R. R. Co.* 19 Wend. 37; *Ex parte Holmes,* 5 Cow. 426.

Title may be without certificate. Angell & Ames on Corp. sec. 113; *Agricultural Bank* v. *Burr,* 24 Maine, 256; *Chester Glass Mfg. Co.* v. *Dewey,* 16 Mass. 94.

No person can acquire title to stock without transfer according to the rules of the bank. Angell & Ames on Corp. sec. 569; *Union Bank of Georgetown* v. *Laird,* 2 Wheat. 390.

Where sale is required to be registered, the registry operates not merely to perfect a conveyance previously begun, but is itself the originating act in the change of title, and must be by assignment, either in person or by attorney, on the books of the bank. A simple credit of the amount of the shares on the treasurer's book to the successive holders, is not sufficient. Angell & Ames on Corp. sec. 576; *Marlboro Mfg. Co.* v. *Smith,* 2 Conn. 579.

After a person once becomes a stockholder, he can only throw off the liabilities incident to that relation by transferring the stock in accordance with the statute. *Addenly* v. *Storm,* 6 Hill, 624.

Transfer must be shown on the books of the bank. *First National Bank of Mendota* v. *Smith et al.* 65 Ill. 44.

Any mode or form of conveyance sufficient in law to transfer the title to any other property is sufficient to transfer stock, in the absence of regulation by statute or by-law, otherwise when so regulated. *The People ex rel. Pickering* v. *Devin et al.* 17 Ill. 84.

There is no statute in this State requiring transfer of stock on the books of the corporation.

Messrs. MONROE & BALL, for the appellee:

The liability of the shareholder in a National banking association is fixed by sec. 5151 of the Banking act. Sec.

5234 provides the manner in which that liability is to be enforced, namely, through the receiver of the bank.

The holder of the legal title is liable primarily for all the burdens placed upon the stock. *Wheelock* v. *Kost*, 77 Ill. 296.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Claimant is the receiver of the Cook County National Bank, and as such filed a claim in the probate court of Cook county against the estate of Clara Irene Day Laing, deceased.

Section 5151, title 62, chap. 1, Rev. Stat. U. S. 1874, declares: "The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." It is under this section of the National Banking act the liability is said to arise for the par value of the stock alleged to have been held and owned by the intestate in the "Cook County National Bank," at the time of her death. No question is made as to the liability of the estate if it shall be ascertained the intestate was a "shareholder" in the bank, in the sense that term is used in the section of the Banking act cited.

Originally, Isaac C. Day was the owner of 100 shares of the stock of the banking association, of the par value of $10,000, evidenced by two certificates issued to him. Subsequently these certificates were returned to the bank, with a blank indorsement thereon, by persons representing themselves to be the heirs of the estate of Isaac C. Day, deceased, among whom was the intestate, Clara Irene Day, and to whom was issued a new certificate for a part of the same stock that had been owned by Isaac C. Day, viz: for thirty-three shares, of the par value of $100 each. Other certificates were issued to the other persons representing themselves

38—101 ILL.

to be heirs, to the full amount of the remainder of the stock that had been owned by Isaac C. Day. The ledger and the stubs of the stock certificate book kept by the bank showed the issuing of the several certificates, the number of shares of stock embraced in each, the date, and to whom issued.

There is and can be no question made the intestate held a certificate for thirty-three shares of stock in the banking association, of the par value of $100 each, at the time of her death. On notice to the administrator, he produced on the trial a certificate for that amount of shares of stock, that had been issued to her. The fact such certificate was held by her would imply an acceptance, and coming as it did from her administrator, it is not unreasonable to believe it had previously been in her possession. Holding the stock of the banking association in her own name, as the intestate did, no reason is perceived why she was not a "shareholder," within the meaning of the statute, and subject to the liabilities imposed upon "shareholders" by section 5151 of the National Banking act. The only argument made against such liability is, the stock formerly owned and held by Isaac C. Day was never transferred to the intestate "on the books of the association," as provided stock may be transferred in section 5139 of the same title and chapter of the Banking act, cited *supra,* and it is said until such transfer was so made on the "books of the association," the intestate did not "succeed to all the rights and liabilities of the prior holder of such shares." The Banking law will not bear this construction. It may be the association would not be bound to admit a purchaser of shares of stock "to all the rights and liabilities of the prior holder of such shares," unless the transfer to him was made on the books of the association in such manner as may have been prescribed in the by-laws or articles of association. But however that may be, when the association *does* issue certificates of shares of stock to a subsequent purchaser, in lieu of the certificate of the prior owner, without

observing its by-laws in regard to transferring stock on its books, certainly, so far as creditors of the association are concerned, a party holding such shares of stock will be subject to the liabilities imposed by section 5151 of the National Banking law. It will be noted the liability is imposed upon the "*shareholder,*" and it is a matter of no consequence such shares may not have been transferred to such shareholder on the books of the association in *exact* conformity with its by-laws. It is sufficient, if the ownership of the shares is in fact in the person holding the certificate, to constitute him a "shareholder" in the association, and subject him to the liabilities imposed by the Banking law, under which such association may have been organized. A case in this court analogous in principle with the one at bar, is *Wheelock* v. *Kost et al.* 77 Ill. 296.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*