## THATCHER ET AL. v. THATCHER.

DESCENT OF PROPERTY. —1 Mills' Ann. St., § 1524, relating to the descent of intestate estates, provides: " * * * *Third.* If there be no children, nor their descendants, nor father, mother, brothers, sisters, nor descendants of deceased brothers or sisters, nor husband nor wife living, then to the grandfather, grandmother, uncles, aunts, and their descendants, the descendants taking collectively the share of their immediate ancestors in equal parts." *Held* that, in the absence of nearer kin, the estate vests in such grandparents and uncles and aunts collectively, and not in the grandparents as a class; if there are any; and, if there be none, then in the uncles and aunts as a separate class.

*Appeal from District Court of Pueblo County.*

THIS is an agreed case calling for a construction of the third subdivision of the Colorado statute of descents and distributions. The statute as published in Mills' Ann. Stats., vol. I, § 1524, is as follows :

" * * * Except in the cases above enumerated, the estate of every intestate shall descend and be distributed as follows :

" *First*—To his children surviving, and the descendants of his children who are dead, the descendants, collectively, taking the share which their parents would have taken if living.

" *Second*—If there be no children nor their descendants, then to his father; if there be no father, then to his mother; if there be no mother, then to the brothers and sisters, and to the descendants of brothers and sisters who are dead, the descendants, collectively, taking the share of their immediate ancestors in equal parts.

" *Third*—If there be no children nor their descendants, nor father, mother, brothers, sisters, nor descendants of deceased brothers or sisters, nor husband nor wife living, then to the grandfather, grandmother, uncles, aunts, and their descendants, the descendants taking collectively the share of their immediate ancestors in equal parts.

" *Fourth*—And if none of the relatives above enumerated be living then to the nearest lineal ancestors and their descendants, the descendants collectively taking the share of their immediate ancestors in equal parts."

Mr. CHARLES E. GAST, for appellants.

Mr. JAMES H. MECHEM, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This case presents a very unusual question with reference to the inheritance of property. The agreed facts, so far as they require notice, are substantially as follows, viz. :

In 1884 Henry C. Thatcher died intestate. At the time of his death he was the owner of both real and personal

property in Pueblo county and elsewhere in the state of Colorado. He left surviving him as his legal heirs, Sallie B. Thatcher his widow, and William N. Thatcher and Clarence Coolidge Thatcher, both minor children. William N. Thatcher being a child by a former wife who died in 1873.

In the year 1885 Clarence died when a mere infant and his portion of the estate was inherited by his mother, Sallie B., thus vesting in her an undivided three fourths interest in the estate, and in William N. Thatcher an undivided one fourth interest.

In 1891 William N. Thatcher died intestate, unmarried and without issue. He left surving him one grandmother on the paternal side, the defendant Lydia A. Thatcher; also John A. Thatcher, M. D. Thatcher, Sarah C. Bloom, and Mary C. Everhart, being uncles and aunts on his paternal side; also J. W. O. Snyder, George W. Snyder, Simon D. Snyder and Cyrus D. Snyder, being uncles on his maternal side; also Charles E. Nosler, Maggie A. Nosler, Ella M. C. Nosler and Hale R. Nosler, being four children of Sarah A. Nosler, a deceased maternal aunt.

The controversy, which, although real, appears to be wholly amicable, is in reference to who are the legal heirs of the said William N. Thatcher.

Upon the foregoing statement of facts the district court decided that upon the death of William N. Thatcher, his estate vested collectively in all his surviving relatives hereinbefore mentioned. His grandmother Lydia A. Thatcher, his uncles and aunts each inheriting an equal aliquot part, and the four children of Sarah A. Nosler, deceased, taking collectively another equal aliquot part.

Appellant claims that under a proper construction of the third subdivision of our statute, in the absence of nearer kin, the estate vests in the grandparents, if there are any, as one class, and if there be none then in the uncles and aunts as a separate class of more remote kinship, instead of a collective inheritance, as found by the trial court.

In support of this contention the argument is that through-

out the act classes are mentioned that take in the order named and that the third subdivision provides for no different mode. That from this the spirit of the act is apparent and must control as against the literal expression to be found in any one part. The spirit of the act in not so clear, however, in favor of the construction of subdivision three contended for, as counsel seem to suppose. In prior portions of the act the legislature employed language that is unmistakable, by saying if there be not one then to the other. For instance, observe the second subdivision, "If there be no children nor their descendants, then to his father, if there be no father, then to his mother and if there be no mother then to his brothers and sisters. * * * "

The failure to use the same or equivalent phraseology in the present connection is in itself a matter that militates against the argument of appellant. Moreover, statutes must be construed if possible so as to give every word some meaning and effect. Giving to the clause under consideration the construction asked and thereby holding that "uncles" and "aunts" take only in case there be no grandparent, and the words "uncles" and "aunts" become mere surplusage. The language of the act is, "If there be no * * * then to the grandfather, grandmother, uncles, aunts and their descendants. * * * Now, if the grandmother is only to take in case there be no grandfather and the uncles in case there be no surviving grandparent, etc., then and in such case the uncles and aunts would take as descendants of the grandparents without other mention. We are not to suppose that the legislature thus used the words "uncles" and "aunts" unnecessarily.

By giving the third subdivision its literal meaning, as was done by the district court, we avoid any infraction of the rule of construction requiring some effect to be given to all parts of the act. Again as we find in other portions of the act the legislature has used unmistakable language to indicate that one class is only to take in the event of the death of a prior class; from this we may infer that the legislature real

ized a necessity for employing such language to express such intent, and would, without doubt, have done so in the third subdivision had the intent been the same.

The third subdivision of the statute of the state of Missouri is quite similar to that of Colorado. The former was before the supreme court in the case of *Peacock v. Smart*, 17 Mo. 402. It was there held that the grandfather, grandmother, uncles and aunts of the intestate on the side of the parent from whom he inherited were not to take precedence in inheritance to his kindred in the same degree on the part of the other parent. While the point under consideration here is not alluded to in the opinion it is worthy of mention that in a case considered of sufficient importance to be taken to the highest tribunal in the state, the court as well as counsel treated the statute as conferring the inheritance in an equal degree upon all the classes mentioned.

We see no reason for disturbing the judgment of the district court and it is accordingly affirmed.

*Affirmed.*