WRIGHT, RECEIVER, RESPONDENT, v. KEENE, APPELLANT.

(No. 6,328.)

(Submitted June 2, 1928.    Decided June 28, 1928.)

[268 Pac. 545.]

*Banks and Banking—National Banks—Insolvency—Stockholders' Statutory Liability—Transfer of Stock—Lack of Registration—Real Owner Treated as Owner.*

National Bank Stock—Manner of Transfer—Registration.
1.   While section 5139, U. S. Revised Statutes, provides that the capital stock of national banks shall be transferable on their books in such manner as may be prescribed in their by-laws or articles of association, such stock is transferable as is other personal property, and as between the parties to the transfer title thereto is acquired by the seller's delivery of his certificate to the purchaser, indorsed or assigned in the usual manner, and either party may compel its registration on the books of the bank.

National Banks — Stockholders' Statutory Liability — Real Owner of Stock, Whether Registered or not, to be Treated as Stockholder.
2.   As a general rule, only those persons have the rights and liabilities of a stockholder in a national bank as are registered on the books of the bank, for the purposes of section 5151, U. S. Revised Statutes, providing that the shareholders of national banks shall be individually liable for the contracts and debts of the bank to the extent of the par value of their stock, in addition to the amount invested in their shares, the real owner of the shares may be treated as a shareholder whether the shares are registered in his name or not.

Same—Case at Bar.
3.   Under the last rule above, *held* that where a father prior to his death transferred to his son a certain number of shares of national bank stock with the instruction not to have it transferred on the books of his bank until his death and upon his death the donee presented it for registration which was refused, nothing thereafter being done to compel registration, and the bank thereafter became insolvent, the court in an action by the receiver against the donee to recover an assessment levied on the shares held by him as stockholder properly decided that defendant was the real owner of the shares, though not registered in his name, and as such liable for the assessment.

1.   See 4 Cal. Jur. 136; 3 R. C. L. 388.
2.   See 3 R. C. L. 400.

[1]   Banks and Banking, 7 C. J., sec. 600, p. 766, n. 68, p. 767, n. 72, 73.
[2, 3]   Banks and Banking, 7 C. J., sec. 615, p. 771, n. 27, 28.

*Appeal from District Court, Broadwater County; William L. Ford, Judge.*

ACTION by V. P. Wright, as receiver of the First National Bank of Townsend, against Gray P. Keene. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. Fred W. Schmitz,* for Appellant, submitted a brief and argued the cause orally.

Those persons only have the rights and liabilities of stockholders in a national bank who appear to be such as registered on the books of the bank, the stock being transferable only in that way. (*Richmond v. Irons,* 121 U. S. 27, 58, 30 L. Ed. 864, 7 Sup. Ct. Rep. 788 [see, also, Rose's U. S. Notes] ; Cook on Stock and Stockholders, 2d ed., secs. 258, 262; 7 C. S. 771, 772; *Doty v. First National Bank of Larimore,* 3 N. D. 9, 17 L. R. A. 259, 53 N. W. 77; *Shellington v. Howland,* 53 N. Y. 371.) "Where a stockholder who transfers his stock fails to have the transfer registered on the corporate books, he remains liable as a stockholder to the creditors of the corporation." (7 R. C. L., sec. 390; 69 Am. St. Rep. 864; 47 L. R. A. 260; *Kirschler v. Wainwright,* 255 Pac. 525, L. R. A. 1917E, 393, 100 Atl. 484; *Upton v. Tribilcock,* 91 U. S. 45, 23 L. Ed. 203; *Sanger v. Upton,* 91 U. S. 56, 23 L. Ed. 220; *Webster v. Upton,* 91 U. S. 65, 23 L. Ed. 384; *Pullman v. Upton,* 96 U. S. 328, 24 L. Ed. 818; *Anderson v. Philadelphia Warehouse Co.,* 111 U. S. 479, 28 L. Ed. 478, 4 Sup. Ct. Rep. 525; *Matteson v. Dent,* 176 U. S. 521, 44 L. Ed. 571, 20 Sup. Ct. Rep. 419.) .

There is a noteworthy exception to the general rule requiring a transfer on the books of the association in order to release the transferor, the exception being that the transferor will be released notwithstanding no transfer has been on the books, when such transferor has done all that a careful and prudent man should do in the premises. (See 45 A. L. R. 144; *Whitney v. Butler,* 118 U. S. 655, 30 L. Ed. 41, 7 Sup. Ct. Rep.

61; *Earl* v. *Carson,* 188 U. S. 42, 47 L. Ed. 373, 23 Sup. Ct. Rep. 254.) However, the exception has no application to the case at bar, as the said H. L. Keene did not do all that a prudent man should have done, nor is his estate the defendant, as it should have been.

Counsel for respondent will no doubt contend, as it did in the lower court, that the owner of stock can be held for the statutory liability, even though the stock has not been registered in his name on the books of the corporation. Counsel for appellant has sought diligently to find authority so holding, but without success, and it is here asserted that there are no cases so holding. A complete examination of the United States supreme court cases has been made, and the holdings of all of the cases are in line with the statute and the authorities hereinbefore mentioned. To adopt such a rule as is contended for by respondent would be to set aside the United States statute on the subject

*Mr. Frank T. Hooks,* for Respondent, submitted a brief and argued the cause orally.

"The real owner of shares of capital stock in a national banking association may in every case be treated as a stockholder, * * * and this although his name never appeared on the books of the bank in any form." (*Davis* v. *Stevens,* 17 Blatchf. (U. S.) 259, 7 Fed. Cas. No. 3653.)

In *Pauley* v. *State Loan & Trust, etc.,* 165 U. S. 606, 41 L. Ed. 844, 17 Sup. Ct. Rep. 465, the following appears: "Congress did not say that those only should be regarded as shareholders, liable for contracts, debts and engagements of the banking association, whose names appear on the stock list distinctly as shareholders. A mistake or error in keeping the official list of shareholders would not prevent creditors from holding liable all who were in fact, real owners of the stock." (Reaffirmed in *Harmon* v. *National Park Bank,* 172 U. S. 644, 48 L. Ed. 1183, 19 Sup. Ct. Rep. 877.)

So far as the writer has been able to learn, the last decision of the United States supreme court on the subject is *Ohio Valley Nat. Bank* v. *Hulitt*, 204 U. S. 162, 51 L. Ed. 423, 27 Sup. Ct. Rep. 179, where the court said: "As we have seen, this court in construing the Banking Act, has not limited the liability to registered stockholders. While registered stockholders may be held liable to creditors regardless of the true ownership of the stock, and the pledgee of the stock not appearing otherwise, is not liable, although the registered stockholder may be an irresponsible person of his choice yet, where the real ownership of the stock is in one, his liability may be established notwithstanding the registered ownership is in the name of a person, fictitious or otherwise, who holds for him."

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This action was brought by the plaintiff as receiver of the First National Bank of Townsend to recover from the defendant, alleged to be a shareholder, an amount due upon an assessment made on the shareholders of the bank by the comptroller of the currency. The court rendered judgment for plaintiff and defendant appealed.

It appears that in 1912 H. L. Keene was the owner of ten shares of the capital stock of the First National Bank of Townsend, referred to hereafter as the bank. Mr. Keene, during that year, wrote upon the back of the certificate which evidenced his ownership of the shares an assignment thereof to Gray P. Keene, his son; therein he authorized the president of the bank to transfer the stock on the books of the association; but he retained possession of the certificate until October, 1922, when he gave it to Gray P. Keene telling him to lay it away and keep it but not to present it to the bank for transfer while he, H. L. Keene, was living. The old gentleman desired to retain the title during his lifetime. He died in December, 1922. In January, 1923, Gray P. Keene became administrator of his father's estate, and during that month he

presented the certificate to the president and cashier of the bank and demanded that the shares be transferred to him personally upon the books. The officers refused to make the transfer. Defendant did nothing further respecting the matter. The bank carried on its business until January, 1925, when plaintiff, as receiver, under appointment of the comptroller of the currency, closed its doors and proceeded with winding up its affairs. In February, 1925, the comptroller levied an assessment of $100 on each and every share of the capital stock of the bank and pursuant thereto plaintiff demanded of defendant, as administrator of the estate of H. L. Keene, deceased, the sum of $1,000. During the winding up of the bank's affairs three dividends were paid. Checks for these, amounting to $111.38 in the aggregate, were made out in favor of the defendant, as administrator; these defendant indorsed to the receiver and the several amounts were credited upon the assessment. The balance due, $888.62, being unpaid, the receiver brought this suit against the defendant personally alleging him to be the real owner of the shares of stock which stood on the books of the bank in the name of H. L. Keene.

The essential question for decision is whether, as the defendant did not appear to be the owner of the shares upon the bank's books, he can be held liable for the assessment.

The court found that at the time the bank failed the defendant was, and ever after continued to be, the owner and holder of ten shares of the capital stock of the bank of a par value of $1,000. The evidence amply sustains the finding.

Section 5139 of the Revised Statutes of the United States [1] provides that the capital stock of a national banking association shall be divided into shares of $100 each, and be deemed personal property, and transferable on the books of the association in such manner as may be prescribed in the by-laws or articles of association; that every person becoming a shareholder by such transfer shall, in proportion of his shares, succeed to all the rights and liabilities of the prior holder of

such shares; and that no change shall be made in the articles of association by which the rights, remedies or securities of the existing creditors of the association shall be impaired.

Nevertheless, national bank stock is salable and transferable at the will of the owner as is other personal property. "The authority to prescribe the manner of the transfer permits only conditions which are essential to the protection of the association against transfers which are fraudulent or which may be designed to evade the just responsibility of the stockholder. It was enacted for the benefit of the corporation, its stockholders, and its creditors only. As to all other parties a transfer of such stock which is good at common law is good under the statute. As between the parties the title to the stock is acquired by the seller's delivery of his certificate thereof to the purchaser, indorsed or assigned in the usual manner, and either party may compel the registration and transfer of the stock on the books of the bank." (7 C. J. 766, and see 3 R. C. L. 388.)

Section 5151, Revised Statutes of the United States, pro-
[2, 3]   vides that the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for the other, for all contracts, debts and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares.

The question has arisen frequently as to what constitutes a shareholder. The cases have arisen under varying circumstances but usually from the efforts of shareholders to escape liability by transferring their stock to others. As a general rule, the individual liability of a shareholder continues until there is a transfer of the stock on the books of the bank. To this rule there are exceptions which need not be stated here for the reason that the liability of the estate of H. L. Keene, deceased, is not involved in this case. (See *Matteson* v. *Dent*, 176 U. S. 521, 44 L. Ed. 571, 20 Sup. Ct. Rep. 419; 7 C. J. 771.)

[82 Mont. 603.]

In *Richmond* v. *Irons*, 121 U. S. 27, 30 L. Ed. 864, 7 Sup. Ct. Rep. 788, is found the following: ''Those persons only have the rights and liabilities of stockholders who appear to be such, as are registered on the books of the association, the stock being transferable only in that way. No person becomes a shareholder subject to such liabilities and succeeding to such rights except by such transfer; until such transfer the prior holder is a stockholder for all purposes of the law.'' But this pronouncement has not been followed in its entirety. On the contrary, in *Pauly* v. *State Loan & Trust Co.*, 165 U. S. 606, 41 L. Ed. 844, 17 Sup. Ct. Rep. 465, the court deduced certain rules relating to the liability of stockholders of national banking associations of which the first is: ''That the real owner of the shares of the capital stock of a national banking association, may, in every case, be treated as a shareholder within the meaning of section 5151.'' While it is true that, generally speaking, the registered owner of shares of stock can be charged with the statutory liability it does not follow that the real owner of the stock may not likewise be charged. (*Davis* v. *Stevens*, 17 Blatchf. 259; 7 Fed. Cas. 3653, opinion by Mr. Chief Justice Waite.) In *Houghton* v. *Hubbell*, 91 Fed. 453, 33 C. C. A. 574, it was decided, in effect, that although the stock without explanation stood upon the books of the corporation in the name of one who was, in fact, not the owner, the real owner was liable, the creditors having elected to proceed against him.

In *Lesassier & Binder* v. *Kennedy*, 36 La. Ann. 539, the court said: ''The object of the statute is to get at the real owner of the shares, and the courts in construing it uncover all its disguises, so that if his name has never been on the transfer-book and his stock stands in the name of another by his procurement, he will yet be chargeable as a stockholder with the statutory liabilities. (*Davis* v. *Stevens*, 17 Blatchf. 259, Fed. Cas. No. 3653.)''

The supreme court of the United States in *Ohio Valley Nat. Bank* v. *Hulitt*, 204 U. S. 162, 51 L. Ed. 423, 27 Sup. Ct. Rep.

179, after citing *Davis* v. *Stevens, Houghton* v. *Hubbell, Lesassier & Binder* v. *Kennedy,* supra, and *Laing* v. *Burley,* post, said: ''Assuming then the established doctrine to be that the mere pledgee of national bank stock cannot be held liable as a shareholder so long as the shares are not registered in his name, although an irresponsible person has been selected as the registered shareholder, we deem it equally settled, both from the terms of the statute attaching the liability and the decisions which have construed the Act, that the real owner of the shares may be held responsible, although in fact the shares are not registered in his name. As to such owner the law looks through subterfuges and apparent ownerships and fastens the liability upon the shareholder to whom the shares really belong.''

Summing up the effect of the decisions Mr. Michie states the rule as follows: ''The real owner of the shares of the capital stock of a national bank association may, in every case, be treated as a shareholder within the meaning of section 5151, whether the shares are registered in his name or not.'' (Michie on Banks & Banking, sec. 248; and see *Harris* v. *Taylor,* 148 Ga. 663, 98 S. E. 86; *Laing* v. *Burley,* 101 Ill. 591.)

In view of the foregoing determination such other assignments of error as appear in defendant's brief need not be considered. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

MR. JUSTICE MATTHEWS, being disqualified, took no part in the consideration of this cause.

Rehearing denied July 9, 1928.