514 P.2d 328 (1973)
Ella M. HAGEMAN, Plaintiff-Appellant,
v.
The FIRST NATIONAL BANK OF DENVER, a national banking institution, et al., Defendants-Appellees.
No. 72-190.
Colorado Court of Appeals, Div. II.
July 17, 1973.
Rehearing Denied August 8, 1973.
Certiorari Denied October 9, 1973.
*329 Yegge, Hall & Evans, Edward H. Widmann, Denver, for plaintiff-appellant.
Hughes & Dorsey, Richard S. Kitchen, Sr., Denver, for defendant-appellee, The First National Bank of Denver.
Carl M. Shinn, Lamar, for defendants-appellees, Mrs. Helen H. Downing, William V. Hageman, Eldridge V. Hageman, William V. Hageman, Executor of the Estate of Silas V. Hageman a/k/a S. V. Hageman, Deceased.
Gorsuch, Kirgis, Campbell, Walker & Grover, Leonard M. Campbell, Denver, guardian ad litem for grandchildren of William V. Hageman.
Selected for Official Publication.
DWYER, Judge.
Plaintiff, Ella M. Hageman, brought this action against the trustee, First National Bank of Denver, and the trust beneficiaries of a revocable inter vivos trust created by her deceased husband, Silas V. Hageman. She sought a decree setting aside the trust to the extent necessary to permit her to receive the distributive share she would have received if the trust assets had been included as part of the probate estate. The case was tried on stipulated facts and exhibits and the trial court entered judgment in favor of the trustee. Plaintiff has appealed. We affirm.
Silas V. Hageman died May 14, 1966. He was survived by his widow, plaintiff Ella M. Hageman, and by three children of a prior marriage. During his lifetime, decedent created a revocable inter vivos trust which provided that upon his death 40% of the trust income would be paid to the plaintiff with the remainder of the income added to the trust corpus, and that upon plaintiff's death, the corpus would be distributed equally to the three children.
At the time of his death, the corpus of the trust had the value of approximately $246,000. The value of the assets in his probate estate was approximately $35,000. The decedent's will was filed for probate, and subsequently plaintiff filed an election under C.R.S.1963, 153-5-4(1) to take and receive one-half of decedent's estate. Most of the probate estate was consumed in payment of debts and taxes.
Under the terms of the trust, the decedent retained the rights to (1) revoke the trust in whole or in part; (2) amend the trust agreement; (3) withdraw any property deposited in trust or add to the trust corpus; (4) control all investments made by the trustee; (5) receive all trust income during his lifetime. By operation of the trust, assets which would otherwise be part of the decedent's probate estate, passed to the trustee to be held for the benefit of the beneficiaries. The effect was to defeat the surviving spouse's right to receive one-half of the estate if the decedent died intestate, and to defeat her right to elect to take against the will and receive one-half of the estate if the decedent died testate.
Plaintiff contends that the transfer of the property to the trustee, where decedent retained all the incidents of beneficial ownership and control over the property until his death, is illusory and a fraud upon her statutory right to receive a distributive share of the property.
C.R.S.1963, 153-5-4(1) provides in part:
"Notwithstanding the provisions of a testator's will, his surviving spouse shall have the option to take and receive onehalf of the testator's estate ...."
This right of a surviving spouse applies to property of which the husband dies seized and possessed. If by a will, the husband attempts to dispose of his property in a manner adverse to the interest of the wife, she has the right to elect to take against the will and receive one-half of the husband's estate. However, as stated by our *330 Supreme Court in Richard v. James, 133 Colo. 180, 292 P.2d 977:
"There no longer remains a question of doubt of the power of a husband to convey his property during his lifetime to whomsoever he sees fit; even though it has the effect of depriving the wife of all right to inherit any part thereof, provided the transaction is bona fide and not merely colorable. This is true even though the express purpose of the conveyor is to deprive another of his right of inheritance. If the deed is genuine it cannot be said to be invalid."
In Denver National Bank v. Von Brecht, 137 Colo. 88, 322 P.2d 667, it was held that where a settlor of an inter vivos trust reserved to himself the income of the trust estate, the right to revoke or amend the trust, and the right to disapprove of certain investments, the trust was valid and nontestamentary. Here the settlor, in creating the inter vivos trust, transferred title to property owned by him, and his interest therein passed immediately to the trustee and a valid trust was established. The rights retained by the settlor in the trust did not defeat the trust nor the resulting exclusion of the trust property from the settlor's probate estate. At the time of the decedent's death, the title to the trust property was in the trustee, and therefore the property was distributable only under the trust instrument.
Plaintiff also contends that, since decedent's name remained on certain shares of bank stock as nominee and since the stock was not transferred on the stock books of the bank until after his death, transfer of the stock to the trust was incomplete, and the stock should not be included as assets of the trust. The title to stock is transferred by delivery of the certificate endorsed or assigned in the usual manner. Wright v. Keene, 82 Mont. 603, 268 P. 545, 60 A.L.R. 109. As between the parties, the delivery of the certificate endorsed in blank passes title to the stock. Early v. Richardson, 280 U.S. 496, 50 S.Ct. 176, 74 L.Ed. 575. Entry of the transaction on the stock books of the bank is not required for the transfer of title. Johnston v. Laflin, 103 U.S. 800, 26 L.Ed. 532. Accordingly, the delivery of shares of stock to the trustee, endorsed in blank, transferred title of the stock to the trustee.
Judgment affirmed.
ENOCH and SMITH, JJ., concur.