**In the Matter of the ESTATE of Vera Marie GREGORY, also known as Vera M. Gregory and as Vera Gregory, Deceased.**

**Emma WITHERSPOON, Allena Sams, J. B. Sams, R. E. Sams, Christine Rogers, Ottie Lee Sams, B. T. Layman, James H. Layman, W. E. Layman, Lillie Mae Jones and Robert Hill, Petitioners–Appellants,**

v.

**Dwight P. SANFORD and Vernon Sanford, Respondents–Appellees.**

**No. 79CA1024.**

Colorado Court of Appeals,
Div. I.

July 31, 1980.

Eugene F. Costello, P.C., Eugene F. Costello, Denver, for petitioners–appellants.

Irwin L. Sandler, Arthur W. Zarlengo, C. Mert Reese, Denver, for respondents–appellees.

SMITH, Judge.

Petitioners, maternal heirs of decedent, appeal an order of the trial court dividing decedent's estate equally between maternal and paternal heirs when the paternal heirs are more remotely related to decedent than are the maternal heirs. We reverse and remand with directions.

Decedent died without issue January 18, 1968, and left a will leaving her estate to her sister and her mother, both of whom had predeceased her. The assets of the estate, therefore, must be treated as if decedent had died intestate. *See Colorado v. Rogers*, 140 Colo. 205, 344 P.2d 1073 (1959). Because the Colorado Probate Code, § 15–10–101 et seq., C.R.S.1973, applies only to decedents dying on or after July 1, 1974, § 15–17–101, C.R.S.1973; *In re Estate of Novitt*, 37 Colo.App. 524, 549 P.2d 805 (1976), we must determine intestate succession under § 153–2–1, C.R.S.1963.

The maternal heirs of decedent derive their relationship from decedent's grandparents, and thus fall in the grandparent parentela. They include decedent's first cousins and first cousins once removed. The heirs of decedent on the paternal side, however, derive their relationship from decedent's great–grandparents, and thus are of a great–grandparent parentela. They are thus heirs of a more remote ancestor to decedent than are the maternal heirs.

In pertinent part, C.R.S.1963, 153–2–1(3) provides:

"(d) If there be no children nor their descendants, nor father, mother, brothers, sisters, nor descendants of deceased brothers or sisters, nor husband, nor wife living, then to the grandfather, grandmother, uncles, aunts, and their descendants, the descendants taking collectively the share of their immediate ancestors, in equal parts."

"(e) And if none of the relatives above enumerated be living, then to the nearest lineal ancestors and their descendants, the descendants collectively taking the share of their immediate ancestors, in equal parts."

The trial court determined that C.R.S. 1963, 153–2–1(3)(d) & (e) require distribution of decedent's assets one–half to the paternal heirs and one–half to the maternal heirs, regardless of the ancestral level from which their relationship derives.[1] It is from this determination that the maternal heirs appeal.

The paternal heirs argue that *Thatcher v. Thatcher,* 17 Colo. 404, 29 P. 800 (1892) requires every word in the statute to be given meaning and effect if possible. They assert that the language in the singular "then to the grandfather, grandmother, . . . ." relates to the method of distribution of decedent's estate within each branch, the paternal and the maternal, with each branch receiving one–half of the estate. The maternal heirs on the other hand assert that C.R.S.1963, 153–2–1(3)(d), vest the entire estate in the grandparents, uncles, and aunts, or in their heirs, if any are living whose relationship to decedent derives from this level. They assert that if there are any such, no resort to any more remote ancestor to locate heirs is proper. We agree with the maternal heirs' argument.

■ We find no language in C.R.S.1963, 153–2–1, or any other pertinent statute which requires a division of decedent's estate equally between the paternal and maternal sides of ancestral tree.[2] If the General Assembly had intended that one–half of the estate vest in the paternal heirs, and one–half to vest in the maternal heirs, when the maternal and paternal heirs derive from different parentelic levels, express language requiring this division would have been used. It is the wording of C.R.S. 1963, 153–2–1(3)(e), which the paternal Heirs assert supports their position. We construe that section of the statute to be applicable only if there are no living relatives deriving their heirship from the decedent's grandparents or that parentela. We conclude that this subsection permits a distribution to heirs of a more remotely related ancestor than a grandparent only when there are no heirs within any (paternal and maternal) grandparent's parentela.

The statute clearly provides a pattern of distributing the assets to heirs whose relationship derives from the closest direct ancestor. It is true, as the paternal heirs assert, that C.R.S.1963, 153–2–1(3)(d), deviates from this pattern, by placing uncles and aunts in parity with decedent's grandfather and grandmother. *Thatcher, supra.* We view this deviation, however, as specific exception to the general statutory pattern and scheme rather than an indication of the general statutory approach.

---

1. The Colorado Probate Code, § 15–11–103(1)(d) C.R.S.1973, deals with this problem as it relates to distribution in estates of decedents who died after July 1, 1974.

2. We have analyzed authority from other jurisdictions and have found significant differences between the law of those jurisdictions and Colorado law, thus making comparisons to be of little value. Accordingly, we do not rely on foreign law as authority.

■ We conclude, therefore, that because of the legislative intent generally to vest assets in heirs who derive from the closest ancestor, and because the statute does not expressly deviate from that position by distinguishing between maternal and paternal heirs, the General Assembly did not intend to vest a decedent's assets one–half in the maternal heirs and one–half in the paternal heirs when the paternal heirs derive from a more remote ancestor than the maternal heirs.

■ Here, there were living relatives of the maternal grandparents, but the only heirs on the paternal side are relatives of the paternal great–grandparents. Therefore, we conclude that the assets in decedent's estate should have been distributed in their entirety to the heirs on the maternal side.

The judgment is reversed and the cause is remanded with directions to vest all of the assets to the estate available for distribution in the maternal heirs.

COYTE and KELLY, JJ., concur.