### No. 10,097.

### PHELPS, ET AL. *v.* PHELPS.

Decided May 1, 1922.

Action to quiet title.   Judgment for plaintiff.

*Affirmed.*

1.  DEED—*Delivery.* On the question of the delivery of a deed, the intent of the grantor, where it can be discovered, must prevail.

2.     *Acceptance.* The presumption of acceptance of a deed, beneficial to the grantee, obtains only where the facts are known. Where the facts and attendant circumstances are shown, the

question must be determined from them; there is no room for presumption.

3. DESCENT AND DISTRIBUTION—*Rights of Widow to Real Property.* The rights of a widow to an interest in the real property of her husband under the statute, attach at the instant of the death of the husband.

4. DEED—*Delivery and Acceptance—Rights of Third Parties.* If between the date of a deed and its acceptance, the rights of third parties attach to the property, those rights will be superior to the title of a subsequently assenting grantee.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. EDWARD M. SABIN, Mr. HENRY E. MAY, for plaintiffs in error.

Mr. F. E. GREGG, Mr. JOHN R. SMITH, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error is the widow of M. M. Phelps, deceased, and the plaintiffs in error are his children by a former marriage. Defendant in error was plaintiff in a suit to quiet her title to a half interest in certain lands, which were claimed by plaintiffs in error under deed from their father. Plaintiff had judgment, and defendants bring the cause here for review.

Of the many errors assigned but one is argued, and that is that the court erred in finding that the deed under which defendants claim was not delivered. The facts material to that question are not in dispute.

It appears that some months before his death M. M. Phelps left with his attorney, Henry E. May, the said deed, which was enclosed in an envelope with the following indorsement, "Please deliver the within deed to the grantees therein named." On one corner of the envelope was the name and address of defendant Watters. Neither of the grantees knew of the deed until after their father's

death.  Shortly after his death defendant Phelps received
the deed from May on presenting to him a paper reading
as follows:

"I will enclose an order for you and Seward to get some
papers at Mr. Henry E. May's after my death.

(Signed)   M. M. Phelps.

Clary I. Watters and Seward L. Phelps.

Don't let anyone see this

Your Pa   This was ———"

It appears also that M. M. Phelps continued in control
of said property after the execution of the deed, made
leases, collected the rent and paid the taxes.   The court
found that the evidence showed an intent on the part of the
grantor that the deed should not be delivered and become
effective until after his death.

It is settled law that the intent of the grantor, where it
can be discovered, must prevail.   The written evidence of
the grantor's intent, taken in connection with his acts after
the making of the deed, and the fact that he did not apprise
the grantees that he had made the deed, fully support the
court's finding.

It is urged, however, that inasmuch as the conveyance
was beneficial to the grantees, their acceptance will be pre-
sumed, and with such acceptance the title vested in them.
But that presumption obtains only where the facts are
known.   Where the facts and "the attendant circumstances
are shown, the question must be determined from them;
there is no room for presumption."   *Knox v. Clark,* 15 Colo.
App. 356, 62 Pac. 334.

In the case cited the question was further discussed, the
court pointing out that if "between the date of a deed and
its acceptance, rights of third parties attached to the prop-
erty, those rights will be superior to and prevail over the
title of the subsequently assenting grantee."

Further discussing what constitutes an acceptance by
the grantee, the court said:

"The difficulty arises where one party undertakes to
make a conveyance to another without the latter's knowl-

edge, and without any previous understanding that the act should be done. The filing of the deed by the grantor for record, does not, of itself, constitute a delivery. If the recorder is the agent of the grantee to receive the deed, then, of course, his acceptance would be the act of his principal. But where the latter has no knowledge that such an instrument was contemplated, or that it was made, he can have no agent to receive it; and until, after acquiring knowledge of its existence, he in some way signifies his approval of the act, there is no delivery of the deed."

The rights of the widow attached under the statute at the instant of her husband's death, and the acceptance of the deed thereafter by the grantees named in it was subject to the rights of defendant in error. This question, however, need not be further considered, since the court's finding that the grantor did not intend that title should vest until after his death, is fatal to the claim of defendants, as to the one-half interest claimed by the plaintiff. The judgment is accordingly affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.