## No. 10,429.

### ELLIS *v.* JONES, ET AL.

Decided June 4, 1923. Rehearing denied July 2, 1923.

Action for possession of real property. Judgment for defendant.

*Reversed.*

1. DESCENT AND DISTRIBUTION—*Deed.* The mere fact that the deed of a wife to her daughter was intended to deprive her husband of his inheritance, is not sufficient to render it invalid.

2. DEED—*Colorable.* On a review of the facts, it is held that the deed of a wife to her daughter, which deprived the husband of his inheritance, was not colorable.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Messrs. CRUMP & RILEY, for plaintiff in error.

Mr. A. B. MANNING, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MABEL A. ELLIS was defeated in a suit to recover of her stepfather, George W. Jones, possession of a house. She

brings error.  She relied upon a deed from her mother who died a few days after its execution.

The court, on the authority of *Smith v. Smith,* 22 Colo. 480, 46 Pac. 128, 34 L. R. A. 49, 55 Am. St. Rep. 142, held the deed invalid because it was made for the purpose of depriving the defendant of his inheritance.  The proof in this case, however, does not bring it within the scope of that decision the ground of which was that the deed there in question was merely colorable,—that is, counterfeit, feigned, having the appearance of truth (Webster)·—not really intended as a deed.  *Phillips v. Phillips,* 30 Colo. 516, 71 Pac. 363, 258.

One cannot give away land without depriving his heirs. of it.  He is presumed to intend the obvious consequences of his own acts.  He must therefore be regarded as intending to deprive his heirs of what he gives away; but all agree that he may ·give.  Is it not, then, evident that the intent is irrelevant, that if the deed is genuine, it is valid, but that if it is a mere pretense it is invalid?  In other words, if colorable it is invalid, otherwise valid.

It is not the purpose, then, of a deed of a husband or wife that invalidates it as against the other, but the fact, if it be a fact, that the deed is a pretense.  The mere fact, therefore, that Mrs. Jones' deed was intended to deprive her husband of his inheritance is not sufficient to render it invalid.  *Phillips v. Phillips, supra.*

It is urged that it is shown that the deed here in question was not genuine but a pretense by the evidence that the grantor continued in possession, but it also appeared that the grantee resided there with her mother before and continued to reside there after the execution of the deed and until the latter's death.  Moreover the undisputed testimony of the plaintiff and Mr. King, the attorney who drew the deed in question, shows that one purpose of the conveyance · was to reward the plaintiff for her care of her mother for several years next before its execution.  Under such evidence the court could not find the deed to be colorable, and, indeed, did not expressly so find.

It is suggested in the cases cited above that if the deed of one spouse is fraudulent as against the other it is invalid, but no case makes it clear what constitutes fraud in such a case.  There can be no fraud in doing a lawful thing.  If, therefore, one spouse may lawfully give away his or her property, as all agree either of them may, such gift is not fraudulent *per se*, and the fact that it deprives the other of his or her inheritance therein, since, of course, it always does and must do so, cannot make it fraudulent. How can one fraudulently deprive another of that of which he may lawfully deprive him?  However this question may be answered it is clear from what we have said that the decision below was wrong.

The judgment is reversed with directions to enter judgment for the plaintiff.