## No. 11,177.

## WILSON v. LOWRIE.

### Decided June 1, 1925.

Action to set aside transfers of property. Judgment for defendant.

### *Affirmed.*

### *On Application for Supersedeas.*

1. DESCENT AND DISTRIBUTION—*Conveyance.* Genuine and actual transfers of property by a decedent are not void as to his wife, even though made to deprive her of her inheritance.

2. *Evidence.* Evidence of widow as to lack of knowledge of and consent to decedent's execution of instruments creating a trust, held immaterial.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. H. A. CALVERT, Mr. O. L. YOUNG, for plaintiff in error.

Mr. H. A. LINDSLEY, Mr. H. E. LUTHE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

LOWRIE, defendant below, and Buxton, intervener, had judgment against Wilson in a suit by him as administrator of one Buxton, alias Brown, to recover a penalty for conversion of certain property of the decedent's estate.

The case seems to have been tried as if it were an action in equity to set aside certain instruments whereby the property in question had been transferred to Lowrie by deceased, causa mortis, in trust to pay the expenses of the decedent's last sickness and burial and to dispose of the balance to the intervener who was his son. The ground of the action which is argued here is that the transfers to Lowrie were void as against the widow, under *Smith v. Smith,* 22 Colo. 480, 46 Pac. 128, 34 L. R. A. 49, 55 Am. St. Rep. 142, because made to deprive her of her inheritance; but the court found that the transfers were genuine and actual transfers; therefore they were valid, even if made for such purpose. *Ellis v. Jones,* 73 Colo. 516, 216 Pac. 257.

The plaintiff offered in rebuttal to show by the widow that she had no knowledge of the alleged trusts at the time they were executed; that she never consented to them; that decedent's property was her property at the time they were married; and that he obtained it from her. The court rejected the offer on the grounds: (1) That she was an incompetent witness; (2) that the evidence was immaterial; (3) that it was not rebuttal.

We need not consider the first and third objections because the second was enough. Her knowledge was immaterial; there was no claim that she consented, and her knowledge and consent were both irrelevant, because the transfers were valid without either of them; if the property was his, it was immaterial how decedent got it, and, if it was hers, the administrator had no interest in it and cannot assign as prejudicial error the rejection of evi-

dence that would defeat him. Whether, therefore, plaintiff intended to show that decedent acquired the property from the widow or that it was still hers, there was no error in excluding the evidence.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.