## No. 11,013.

### TAYLOR v. TAYLOR, ET AL.

Decided May 24, 1926.

Action for cancellation of deeds.   Judgment for plaintiff.

*Affirmed in Part.*

*Reversed in Part.*

1. APPEAL AND ERROR—*Findings.*  Findings of the trial court supported by competent evidence will not be disturbed on review.

2. DEEDS—*Delivery.*  Where a grantor executed deeds, which by his direction were withheld from record until after his death, he continuing to dominate the fee, it is held that the conclusion was justified that the delivery was a pretense, intended to take effect only at his death.

3. *Delivery.*  Deeds are lawfully delivered if given to the grantee with intent to really and actually take effect, but not if they are merely colorable or intended to take effect only at death.

4. *Execution—Undue Influence.*  Evidence held to justify a finding of undue influence by grantor's mistress, to whom he conveyed practically all his property to the exclusion of his wife and son.

5. *Execution—Undue Influence—Burden.*  In an action to cancel deeds, grantee, mistress of the grantor, has the burden of proving that the conveyance to her was uninfluenced by that relationship.

6. CONTEMPT—*Order of Imprisonment.*  An order imprisoning a quasi receiver for making false reports, unless she pay a judgment rendered against her based in part, at least, on rents and issues received from the property under claim of right, held unauthorized.

7. *Imprisonment.*  A court is without authority, in a civil action, to imprison a party as for contempt, to compel payment for whatever judgment may be rendered against him; neither may the court in sentencing to imprisonment for contempt, provide for a remission of the sentence upon a condition not connected with the subject of the contempt.

8. APPPEAL AND ERROR—*Contempt—Review.* An order in contempt proceedings, if beyond the power of the trial court to enter, is subject to review by the Supreme Court.

9. RECEIVERS—*Contempt.* A court may imprison a receiver for contempt for failure to pay over funds as ordered.

10. ACCOUNTING—*Pleading.* In an action involving title to real property and accounting by a quasi receiver for rents, issues and profits, it is held, under the facts disclosed, that no pleadings with reference to defendant's receipts prior to the receivership were necessary.

11. APPEAL AND ERROR—*Proceedings Pending Review.* In the absence of stay of execution or supersedeas, a trial court has power to proceed with a case pending review.

12. JUDGMENT—*Rents and Profits—Uncertainty of Amount.* In an action against a quasi receiver for accounting for rents and profits, the fact that there is no proof of the exact amount due is no ground for withholding judgment.

13. DEEDS—*Execution—Undue Influence—Evidence.* A grantor's statement made after the date of a deed as to entanglement with, and fear of a woman, held competent evidence on the issue of undue influence in a suit to cancel deeds to her.

14. APPEAL AND ERROR—*Equity Suit—Evidence.* An equity case will not be reversed for the admission of incompetent evidence, if the point to which it is directed is supported by sufficient competent evidence.

15. *Groundless Objections.* In an action to cancel deeds, a grantee adjudged to be without title cannot question findings as to the rights of others therein, nor will such objections be considered on review if not raised by a proper party.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. George A. Carlson, Messrs. Dana, Blount & Silverstein, Mr. W. R. Ramsey, Mr. Henry E. Lutz, for plaintiff in error.

Messrs. Dines, Dines & Holme, Messrs. Dawson & Wright, Mr. Paul P. Prosser, Mr. Robert E. More, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS cause involves two writs of error, one on the main case and one on a contempt matter which arose with reference to an accounting had after the original decree had been rendered.

First, as to the main case: Frank E. Taylor obtained a decree against the plaintiff in error which cancelled certain conveyances to her from Frank Taylor, his father, deceased, and she brings error. For simplicity we do not mention personal property because its disposition must follow the decision as to the realty. The ground for reversal is that the evidence does not justify the decree. We think otherwise.

The plaintiff claimed, and the court found that the conveyances were never delivered, and that they were obtained by fraud, duress and undue influence. Since the record contains evidence to support these findings we cannot disturb them, but upon the evidence they seem to us to be right.

As to the delivery the evidence is indeed definite and clear that the instruments of conveyance were physically delivered, but, by his direction, they were withheld from record until after the grantor's death, and although he retained, as he lawfully might, a life estate in the granted premises, giving to her the remainder only, yet, with her knowledge and approval, he continued to dominate the fee, going so far as to execute a mortgage upon a part of it with full covenants of title, which mortgage she signed as a witness. The conclusion is justified that the delivery was a pretense and that the real purpose was to keep such control that he could destroy the deeds or let them take effect only at his death, which at his age and health was not very far off. The deeds were dated May, 1919, and July, 1920, respectively. He died April 11, 1922. The rule in this state is that deeds so given are lawfully delivered if with intent to really and actually take effect, but not if they are merely colorable, that

is, a mere pretense or intended to take effect only at death. *Ellis v. Jones,* 73 Colo. 516, 216 Pac. 257, and cases there cited. *Phelps v. Phelps,* 71 Colo. 343, 206 Pac. 787; *Grover v. Clover,* 69 Colo. 72, 169 Pac. 578. The court was justified in the conclusion that there was no delivery.

The court was justified also in finding undue influence. Early in this century plaintiff in error, then a young married woman, but divorced at about that time, acquired some control or influence over Frank Taylor such that from that time until his death, about a score of years, he supplied her with funds for her support. Just what this influence was is not shown but that it was powerful is demonstrated. We will not go into the sordid details of the evidence, but it is shown that during part of this time her relation to him was meretricious, which requires the conclusion that at least part of her influence over him was due to that relation. In a letter to him she threatens him that he will regret it if he allows his wife to influence him and in the same letter urges him to fulfill a promise to her which may fairly be inferred to be the execution of the first of the deeds in question. At the time of the supposed execution of this deed his wife, Etta Jimeson Taylor, was living. When the deed to the Denver property was made, July, 1920, she was dead. The first deed then conveyed the Pueblo property to a mistress to the exclusion of a lawful wife and a son, and the second the Denver property to a mistress to the exclusion of the son, and the two deeds conveyed practically all his property, which was a considerable fortune.

We are all of the opinion that the mistress of a grantor has the burden of proving that a conveyance to her was uninfluenced by that relationship. This she has not done, but the contrary has been rightly concluded from the evidence. The decree must be affirmed.

As to the contempt question: The court found the defendant guilty of contempt in making a false report of her receipts as quasi receiver of the Alvarado apart-

ments, which had been given into her charge by the court. The finding was justified and proper. However, the court ordered her imprisoned unless within fifteen days she should pay a judgment which it had rendered against her, which was made up, at least in part, of rents and profits had and received by her from said property while she held it under claim of title and for the same receipts a judgment had been prayed in the complaint. This was beyond the power of the court. The order could be justified only on the assumption of one of two premises: (1) That if in a civil action a party thereto commits contempt, he may be imprisoned to compel payment of whatever judgment may be rendered against him in that action; or (2) that a court, in sentencing to imprisonment for contempt, may provide for the remission of the sentence, in whole or in part, upon a condition not connected with the subject of the contempt. We do not assent to either of these propositions, because, howsoever the proceeding may be camouflaged by words, it is a method of collection of a judgment by imprisonment, and this is true whether the imprisonment be under Code 1921, § 356, for failure to perform an order of court, or under the general powers of the court as suggested in *Bloom v. People,* 23 Colo. 416, 48 Pac. 519, or for contempt in the presence of the court as claimed by defendant in error. The order being beyond the power of the district court is subject to our review. *Bloom v. People, supra; Ex parte Robinson,* 19 Wall. 505, 22 L. Ed. 205. It must be noted that these remarks do not relate to the funds obtained by plaintiff in error as quasi receiver, agent of the court, or whatever she was. The court might imprison her until she should obey an order to pay such funds, but they are not segregated, the order includes matters unauthorized and unsegregated and we cannot let it stand.

The power of the court in punishment for contempt to do more than fine $500 is questioned, but in view of the

foregoing considerations, that question need not be answered here and perhaps indeed is not properly before us.

The judgment above mentioned was rendered on an accounting had on a hearing on a report of the defendant which the court on May 31, 1924, ordered defendant to make covering all her receipts and disbursements both before and during her receivership. It is claimed that these proceedings were unauthorized and therefore erroneous because: (1) There were no pleadings with reference to the defendant's receipts prior to the receivership; and (2) the case had been taken here on error and execution stayed before the order.

Upon the first matter: No pleadings were necessary. The ordinary course of the case would include an accounting as soon as the question of title was decided in plaintiff's favor. As to the second, there was never a supersedeas, and the stay of execution, if of any consequence, was vacated May 27, 1924; there was, then, nothing to prevent the district court from going on with the case.

It is also claimed that there was no proof of the exact amount of rents and profits, but that is no ground for withholding a judgment. *Goldstein v. R. M. Env. Co.,* 78 Colo. 341, 241 Pac. 1110.; *Denver v. Bowen,* 67 Colo. 315, 319, 184 Pac. 357.

There are errors assigned on the admission of evidence. Certain declarations of the deceased, e. g., a statement made after the date of the deed that he was entangled with a woman who had got his property away from him and could not get rid of her because he was afraid of her, were admitted. The evidence was competent to show state of mind on the question of undue influence. *Shailer v. Bumstead,* 99 Mass. 112; *Waterman v. Whitney,* 11 N. Y. 157, 62 Am. Dec. 71; *Parsons v. Parsons,* 66 Ia. 754, 21 N. W. 570, 24 N. W. 564. But even if incompetent we do not reverse an equity case for ad-

mission of incompetent evidence if the point to which it is directed is supported by sufficient competent evidence.

One Bessie D. Harrison, a stepdaughter of deceased, who claims to be his adopted daughter, and who was made a party, was awarded one-half of the property in question as co-heir with plaintiff, Frank E. Taylor. Plaintiff in error urges that the adoption of Mrs. Harrison was invalid; the decision that plaintiff in error has not title, however, takes away her right to object to the validity of the adoption, and the briefs nowhere show that Frank E. Taylor is objecting to it, therefore we do not notice it further.

The judgment for cancellation of the conveyances of the real estate and personal property is affirmed. The finding plaintiff in error guilty of contempt is approved. The order that she be imprisoned until she pays the judgment for $3,090.51 is reversed for the reasons stated in this opinion. The judgment for $3,090.51 is reversed with directions to segregate that portion which accrued before the quasi receivership and render a judgment for that, and to enforce the payment of the remainder by any means the court thinks proper, which would be lawful against a defaulting and contemptuous receiver.