No. 13,520.

Norris *v.* Bradshaw.
(45 P. [2d] 638)

Decided May 27, 1935.

Mr. Adair J. Hotchkiss, Messrs. Fairlamb & Fairlamb, for plaintiff in error.

Mr. Arthur A. Clements, Messrs. Stewart & Brown, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties are here aligned as in the trial court and will be referred to as plaintiff and defendant.

The plaintiff, Hattie A. Norris, is the widow of William Norris, deceased, of whose estate she is administratrix. While it is not so shown by her complaint—but so stated by her counsel in open court—she brought this suit, in the capacity of administratrix, to set aside a gift made by her deceased husband, to defendant Bradshaw, a son-in-law, whose wife was an only child of deceased by a former marriage. Upon trial to the court, judgment went against plaintiff and she assigns error.

William Norris, the deceased, lived for a number of years in Paonia, Colorado, and after the death of his former wife, was living with his daughter and her husband, the defendant, in 1921, when he married plaintiff. He then lived with plaintiff in her property, which she traded for property in Grand Junction, Colorado, and August 20, 1926, plaintiff with her husband moved to Grand Junction. Three days later Norris returned to Paonia and took up his home with his son-in-law, the defendant, where he lived until the date of his death, October 26, 1927.

Prior to moving to Grand Junction, Norris, then in good physical and mental condition, and owing no debts, gave defendant $3,240 in the form of a bank certificate of deposit, which he duly endorsed. With the exception of about $200, this was all of his property. In a former trial of this case, the court permitted defendant and his wife to testify as to statements made to them by Norris and to transactions occurring before his death. This permission by the trial court was assigned as error by plaintiff, who was successful on a review by this court, and an opinion holding that the admission of such testimony was reversible error, is reported in *Norris v. Bradshaw*, 92 Colo. 34, 18 P. (2d) 467, the judgment being reversed on that ground, and the cause remanded for further proceedings. The trial now here for review followed.

Plaintiff contends that the gift was testamentary in character and made under undue influence; that it was made in order to provide for future support; that it was made to defeat the widow's share of the estate; that the widow's allowance was the same as a debt which the deceased owed at the time of the gift; and that there is a presumption of fraud on account of the close relationship between donor and donee.

The trial court followed the decision of this court in such matters as were before it in the case of *Norris v. Bradshaw, supra,* and while we undertake no review of the evidence, we will say that upon sufficient, competent evidence, it determined that all presumption of fraud had been overcome; that the gift was not made in lieu of a will; that there was no undue influence on the part of the defendant; that the gift was voluntary and without any reservations of interest; and not made for the purpose of depriving plaintiff of an interest in deceased's estate. Such a finding will not be disturbed on review; moreover, if we were at liberty to do otherwise, in such a case, we would here be confronted with a judicial finding on these matters, which, in view of the record, we believe to be correct.

The court further found that the claim for widow's allowance was not the same as a debt owing by deceased at the time of the gift; also, that deceased was privileged to make the gift in question. To hold that the possibility of a claim for a widow's allowance might exist and in effect constitute a debt owing by deceased in his lifetime, such as would defeat the right of a husband to transfer and give away, in bona fide transactions, his property, would be to render the ordinary commercial transactions of life unstable. As to this matter, the wife does not bear the relation of a creditor. During coverture, she has no interest in the husband's personal property, except to the extent of his liability for her support, which she may enforce, if the property in his hands can be reached. The husband's personal property is free of

any vested interest of the wife, and the law gives him absolute and unqualified dominion over it. It follows that he can dispose of it during his lifetime, by sale or gift, at will, without transcending his legal rights.

In the case before us, the trial court determined from the evidence that the gift was not colorable, or attended by circumstances of fraud. We hold that it was good as against the plaintiff, and it is not sufficient, even if he actually intended to defeat her right, unless defendant participated in the perpetration of a fraud on plaintiff (*Phillips v. Phillips,* 30 Colo. 516, 71 Pac. 363), and it was found that he did not.

Judgment affirmed.

MR. JUSTICE BOUCK concurs in the conclusion.