No. 14,030.

ESTATE OF BURTON.
BURTON, ADMINISTRATRIX *v.* BURTON ET AL.
(69 P. [2d] 307)

Decided June 1, 1937.

Mr. BENJAMIN E. SWEET, Mrs. JEAN S. PERKINS, for plaintiffs in error.

Mr. ALBERT S. FROST, for defendants in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court. Plaintiff in error is hereinafter referred to as Mrs. Burton, her deceased husband as Burton, and defendants in error as defendants, or by name. Of the latter Harold and Charles F. Burton and Millie Dawson are the children of Burton by a former marriage. The others made no appearance.

This was a suit in equity to set aside certain transfers of property made by Burton to Harold and Millie shortly before his death. As presented here Mrs. Burton's case rests primarily upon the alleged mental incapacity of her husband. The trial court found against her and gave defendants judgment for costs. To review that judgment Mrs. Burton prosecutes this writ.

Burton and Mrs. Burton were married October 6, 1932. He became seriously ill and was taken to a hospital May 13, 1934. About two weeks later he was returned to his home and June 14 following he died, at the age of 71. On May 26, seventeen days before his death, while still in the hospital, he made the transfers complained of.

The only serious question presented by this record is one fact, determined by the trial court on conflicting evidence. Two physicians expressed the opinion that Burton was incompetent. One was a general practitioner who attended him and spoke from personal knowledge; the other a specialist in mental diseases who had no such knowledge but testified in answer to hypothetical questions. Flatly contradicting this, and giving excellent reasons for their conclusions, were two nurses who attended Burton, the attorney who took his acknowledgment to the questioned documents, and a number of other witnesses. On this point the judgment is amply supported.

One of the items of property involved was a promissory note executed by defendant in error Ingersoll. The complaint alleges, and the answers admit, that Burton

owned this note and defendants obtained it. A photostatic copy thereof was offered in evidence and admitted over objection in which we find no merit. No issuable fact in the case was thereby affected. The circumstances under which it was obtained, and not the note itself, was the question presented. Moreover, the exhibit is not abstracted hence no possible prejudice appears from the record.

It is said the trial court erroneously held that the burden of proof to show alleged improper influence was on Mrs. Burton, whereas, the grantees being Burton's children, a confidential relationship existed and a presumption of undue influence arises which puts the burden on defendants. We think not. Charles F. got nothing. Harold lived in Pennsylvania and Millie in California and they reached their father's bedside but a short time before his death. There is no evidence to support the claim of special trust and confidence save the blood relationship and this is insufficient. 1 Jones on Evidence (2d ed.), p. 593, §349; 8 R. C. L., p. 1034, §90; *Finch v. McCrimmon*, 98 Colo. 56, 59, 52 P. (2d) 1150.

The true explanation of Burton's transfers is presumably furnished by the facts that he married this woman late in life, that the relationship had existed for but twenty months, that she had never been a wife to him, that as soon as he recovered he intended to leave her and go to Arizona, and, such were their relations, that after making these transfers he instructed his nurse never to leave the room when his wife was present. All this appears in the testimony, and, as we learn from the findings, was believed by the trial judge.

It is suggested that these transfers were testamentary in character. Clearly not. 28 C. J., p. 624, §11.

It is urged that the trial court erroneously held that Mrs. Burton was not in the position here of a judgment creditor. That ruling is in harmony with our former decisions. *Ellis v. Jones,* 73 Colo. 516, 216 Pac. 257; *Norris v. Bradshaw,* 96 Colo. 594, 45 P. (2d) 638; 2 Cooley's

Constitutional Limitations (8th ed.), p. 750, c. XI. Assuming, as we must, the correctness of the findings of fact made on conflicting evidence, this is simply a case of an elderly, ill, but mentally competent man, still hoping and expecting recovery, concluding to finally dispose of his property, and deliberately choosing between a wife in name only, of some twenty months, whom he did not greatly trust, and adult children by a former marriage, whom he loved and trusted, and making such disposition, definite and irrevocable, uninfluenced thereto by anything beyond what is implied by the mere blood relationship. We know of no legal impediment to such action.

The judgment is affirmed.

Mr. Justice Knous and Mr. Justice Holland concur.