No. 18,369.

HAROLD L. WILL *v.* MARTHA J. MILLS, ET AL.
(344 P. [2d] 1083)

Decided October 19, 1959.

Messrs. FOARD, FOARD & McCARTY, for plaintiff in error.

Mr. THOMAS M. BURGESS, for defendant in error Martha J. Mills.

*In Department.*

Opinion by MR. JUSTICE MOORE.

HAROLD L. WILL, hereinafter referred to as the husband, filed his complaint in the district court in which he sought to obtain a decree setting aside a deed. The questioned deed was executed by Bird Z. Will, whom the husband married in 1938, and named Martha J. Mills as a joint tenant in certain real estate. The deed also conveyed personal property and equipment located in the house upon said real estate, and all jewelry, clothing and other articles comprising the personal effects of the grantor. The deed was acknowledged on March 3, 1949, but was not recorded until June 27, 1955, following the death of the grantor on March 30, 1955. Martha Mills was the daughter of the grantor by a former marriage. The real estate and personalty described in the deed were owned by the grantor prior to her marriage to Harold L. Will, the plaintiff. He had no knowledge of the existence of the deed until April 5, 1955, following the death of the grantor.

The daughter, grantee in the deed, filed a counterclaim for the reasonable rental value of the real estate which was occupied by the husband following the death of the grantor.

The trial court found the issues in favor of the defendants upon the husband's complaint, and further found for the defendant Martha J. Mills upon her counterclaim

for the rental value of the real estate for the time the same was occupied by the husband following the death of the wife. Judgment was entered accordingly.

The husband is here on writ of error to review this judgment and urges as ground for reversal:

(1) That the execution of the deed by the wife without the knowledge of the husband constituted a "fraud upon his rights," and

(2) That there was no sufficient delivery of the deed to give it validity, and

(3) That the trial court erred in entering judgment for the rental value of the real estate because no demand for rent was made until September 27, 1956.

We find no merit in these arguments for reversal.

■ In *Thuet v. Thuet,* 128 Colo. 56, 260 P. (2d) 604, a case where similar facts were present, this court stated the applicable rule in the following language:

"In Colorado, the owner of property has the right to convey the same without the consent or knowledge of the spouse or other heir. The mere fact that such conveyance will deprive a surviving spouse of right to inherit an interest in the property does not make it fraudulent or invalid. *Ellis v. Jones,* 83 Colo. 516, 216 Pac. 257."

The undisputed facts show a delivery of the deed to the grantee named therein.

■ The trial court did not err in awarding judgment in favor of the daughter for the reasonable rental value of the real estate during the period of time the same was occupied by the husband after the daughter became the sole owner of the property.

The judgment is affirmed.

Mr. Justice Frantz and Mr. Justice Doyle concur.