No. 18,808.

GABRIELLA MILLER, ADMINISTRATRIX, ETC., ET AL. *v.*
MARGARET CIRULI, ADMINISTRATRIX, ETC., ET AL.
(355 P. [2d] 114)

Decided September 12, 1960.

Mr. WALTER J. PREDOVICH, Mr. A. T. STEWART, Mr. LESTER L. WARD, for plaintiffs in error.

Messrs. SEAVY & SEAVY, for defendants in error.

*In Department.*

Per Curiam.

The parties appear here in the same order as in the trial court and will, for convenience, be referred to by name. The principal contenders having died while the matter was pending in this court, their respective personal representatives have been substituted by stipulation of counsel. Trial was to the court, and at the conclusion of plaintiffs' evidence defendants' motion to dismiss was granted. From this ruling plaintiffs seek review by writ of error.

The action was to set aside a deed. Plaintiff Jessie H. Chrisman is alleged to be the widow, and defendant Harry Ciruli, to be the brother of Melio Ciruli. Melio conveyed certain property to Harry by deed recorded in Pueblo County. Some six months later Melio died intestate. Plaintiff alleges that there was no consideration for the deed; that Melio was infirm in mind and body, and that defendant Harry exercised undue influence over him; that the deed was obtained by fraud, misrepresentation and deceit.

After hearing plaintiffs' evidence the trial court held it to be insufficient to sustain the allegations of the complaint and dismissed the action. Error is assigned to this ruling and to the judgment of dismissal which followed.

The testimony for plaintiffs is relatively brief. It disclosed that a deed was filed for record in the office of the Clerk and Recorder of Pueblo County conveying the property from Melio to Harry; that such deed recited a consideration of less than $100.00. A witness testified that he had appraised the land in question and fixed its value at $21,500.00. Another testified that application had been made for a building permit for a small building to be erected on the property in question. Another testified that he had been employed by Melio to construct the building referred to, intended as a restaurant and package liquor store, and that he had done part of the work for which he was paid $325.00 — $66.00 by Harry and the

balance by Melio. Plaintiff Jessie testified that she was the common law wife of Melio and that they had lived together on this property for several years; that she knew about the construction of the new building and had advanced some of her own funds therefor, as well as for remodeling the home. There had been conversation in which Melio said he would arrange to have her name put on the deed along with his and that she would thereby acquire an interest in this property. She knew the defendant Harry; knew that he worked in the Sheriff's Department, and that he came to the house only occasionally. Melio had not worked steadily, but had assisted her (Jessie) in the operation of a cafe. The only conversation she had heard between Melio and Harry related to the feasibility of building the additional building. She understood that the property was in the name of Melio.

From this evidence the trial court concluded that the allegations of the complaint had not been sustained. With this conclusion we agree. The most that can be said for plaintiff's case is that she entertained a hope of acquiring an interest in the property involved, and was disappointed by the conveyance of the property by Melio to his brother. That Melio had an absolute legal right to convey the property to whomever he chose, in the absence of circumstances not here present, cannot be disputed.

A deed may not be set aside upon the ground that by its execution another was deprived of his right to inherit the property. In *Thuet v. Thuet,* 128 Colo. 54, 260 P. (2d) 604, this court said:

"In Colorado, the owner of property has the right to convey the same without the consent or knowledge of the spouse or other heir. The mere fact that such conveyance will deprive a surviving spouse of right to inherit an interest in the property does not make it fraudulent or invalid. * * *."

In *Ellis v. Jones,* 73 Colo. 516, 216 Pac. 257, it is said:

"One cannot give away land without depriving his

heirs of it. He is presumed to intend the obvious consequences of his own acts. He must therefore be regarded as intending to deprive his heirs of what he gives away; but all agree that he may give. Is it not, then, evident that the intent is irrelevant, that if the deed is genuine, it is valid, but that if it is a mere pretense it is invalid? In other words, if colorable it is invalid, otherwise valid.

"It is not the purpose, then, of a deed of a husband or wife that invalidates it as against the other, but the fact, if it be a fact, that the deed is a pretense. * * *."

▄ The deed in the instant case was drawn by an attorney at the direction of Melio, owner of the property, recorded, and delivered to Harry. This was sufficient to effect a transfer of the title, and the fact that the parties to the deed were brothers does not, of itself, establish such a relationship as to taint the transaction with a presumption of fraud or undue influence.

▄ In *Burton, Administratrix v. Burton,* 100 Colo. 567, 69 P. (2d) 307, it was said:

" * * * There is no evidence to support the claim of special trust and confidence save the blood relationship and this is insufficient. * * *."

The findings and conclusions of the trial court are amply sustained by the record. The judgment is affirmed.