549 P.2d 1337 (1976)
Marcella C. SCAVELLO, Individually and as Administratrix of the Estate of Donald A. Scavello, Plaintiff-Appellee,
v.
Beverly E. SCOTT, Defendant-Appellant.
No. 75-146.
Colorado Court of Appeals, Div. III.
February 13, 1976.
Rehearing Denied March 4, 1976.
Certiorari Granted May 24, 1976.
*1338 Edward A. Jersin, Denver, for plaintiff-appellee.
Tague, Goss, Schilken & Beem, P. Arthur Tague, Littleton, for defendant-appellant.
Selected for Official Publication.
BERMAN, Judge.
Marcella C. Scavello, individually and as administratrix of the estate of Donald A. Scavello, brought this action against Beverly E. Scott to recover the sum of $40,000 transferred to defendant Scott by the decedent on the ground that the conveyance was in violation of § 38-10-117, C.R.S. 1973, and therefore void. Defendant, the niece of the decedent, denied that the transfer was fraudulent, claimed that the transfer was a partial repayment of a valid *1339 debt owed her by the decedent, and counterclaimed against the estate for the balance of the debt. After trial to the court, the claim of plaintiff individually and the counterclaim of defendant were dismissed, and a judgment for $40,000 was entered in favor of the estate. From that judgment, defendant appeals. We reverse in part and affirm in part.
At the outset, we note that no cross-appeal was filed on behalf of plaintiff individually or as administratrix. Defendant contends the court erred as a matter of law in rendering judgment against her in favor of the estate and in denying her motion to dismiss the complaint of plaintiff in her capacity as administratrix. We agree.
The trial court made findings of fact and concluded, as a matter of law, that:
"The conditional transfer of $40,000 from Donald Scavello to the defendant, Beverly E. Scott, was colorable and illusory and without consideration and in violation of [§ 38-10-117, C.R.S.1973] and therefore void . . . ."
For a conveyance to be void under the statute, it must be "made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands . . . ." Section 38-10-117, C.R.S.1973. Here, however, the administratrix, acting for the estate, failed to show the decedent intended to defraud.
The trial court found that the decedent, at the time of the transfer on November 24, 1971, had "reason to believe a divorce action [by his wife] was a distinct probability." And, a divorce action was subsequently filed, but it was dismissed after decedent's death with no order for alimony or support having been entered. Thus, since Marcella Scavello had not obtained a judgment against decedent in the divorce action, she could not set aside her husband's conveyance as a subsequent creditor. See Fahey v. Fahey, 43 Colo. 354, 96 P. 251; Gregory v. Filbeck, 12 Colo. 379, 21 P. 489. Nor did Marcella Scavello pay any claim against her husband's estate which would give her the status of a creditor. See Linker v. Linker, 28 Colo.App. 136, 470 P.2d 882.
Also, the court did not find that Donald Scavello intended to defraud the creditors who filed claims against his estate. As noted, the court expressly found he was not conscious of impending death. Therefore, he could not have intended to defraud those creditors (the mortuary and cemetery) whose claims arose because of, and subsequent to, his death. Although he had incurred medical expenses prior to the conveyance (his only outstanding debts at the time) in the amount of approximately $325, the inventory of his estate totalled $2,285.
It is well established that a husband has a right to defeat the right of the wife to inherit by conveying his property to another, provided the transaction is not merely colorable. Moedy v. Moedy, 130 Colo. 464, 276 P.2d 563; Estate of Burton, 100 Colo. 567, 69 P.2d 307; Norris v. Bradshaw, 96 Colo. 594, 45 P.2d 638. And, regardless of the possibility of a claim for a widow's allowance, a wife "does not bear the relation of a creditor," and cannot claim the protection of § 38-10-117, C.R.S.1973. Moedy v. Moedy, supra. Although the trial court expressly concluded that the conveyance was "colorable," a cause of action to set aside a conveyance by the husband belongs to the wife individually and not to the estate. See Moedy, supra; Burton, supra; Norris, supra; Hageman v. First National Bank of Denver, 32 Colo.App. 406, 514 P.2d 328. However, as noted above, the trial court dismissed the plaintiff's individual claim, and no cross-appeal was taken by plaintiff. Therefore, although the conveyance may have been fraudulent as to the wife, the judgment for the estate cannot be upheld on that basis.
*1340 Accordingly, the court erred, as a matter of law, in concluding the transfer was in violation of § 38-10-117, C.R.S.1973, and in rendering judgment for plaintiff-administratrix.
Appellant also contends the court erred in dismissing her counterclaim for the balance of the debt allegedly owed her by Donald Scavello. On conflicting evidence, the court made findings of fact adverse to defendant, and these findings are binding upon us. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336; Rubens v. Pember, 170 Colo. 182, 460 P.2d 803.
Judgment reversed in part, affirmed in part, and the cause remanded with directions to dismiss the complaint of Marcella Scavello, administratrix. Each party to pay her own costs.
PIERCE and SMITH, JJ., concur.