## No. C-939

**In the Matter of Marcella C. Scavello, Individually and as Administratrix of the Estate of Donald A. Scavello v. Beverly E. Scott**

(570 P.2d 1)

Decided September 19, 1977.

Edward A. Jersin, for petitioner.

P. Arthur Tague, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in the matter of *Scavello v. Scott*, 37 Colo. App. 330, 549 P.2d 1337 (1976). We reverse and remand with directions.

The petitioner, Marcella Scavello, and Donald A. Scavello were married in 1965 and separated in 1971. On the day that the separation occurred, Donald Scavello withdrew $42,500 from two joint savings accounts which he maintained with his wife. The proceeds constituted the bulk of the couple's assets and were traceable to the couple's sale of their marital home. Shortly after the separation occurred, a divorce complaint was filed on behalf of the wife, and a temporary restraining order was issued restraining the husband from disposing of the parties' marital assets, including the savings account. On the same day that the temporary restraining order was issued, Donald Scavello and his niece, Beverly Scott, the respondent in this case, secured a cashier's check for $40,000, which was payable to Beverly Scott and Donald Scavello. The respondent, Beverly Scott, put the cashier's check into a safe deposit box which she had just rented.

Service of the complaint and temporary restraining orders on Donald Scavello was effected the day after the transaction occurred. However, before the issues in the divorce action could be resolved, Donald Scavello died intestate. The day after Donald Scavello died, the respondent, Beverly Scott, cashed the $40,000 check and deposited the proceeds in various savings and loan accounts in her own name.

The petitioner, Marcella Scavello, was appointed administratrix of the Estate of Donald Scavello. Thereafter, the probate court directed that

a citation issue against the respondent, Beverly Scott, because of her failure to deliver the assets of Donald Scavello to the administratrix. The probate court also authorized Marcella Scavello to file an action to recover the $40,000.

Marcella Scavello filed suit in the district court both individually and as administratrix of the Estate of Donald A. Scavello. The respondent answered and filed a counterclaim. The answer was a general denial, coupled with the affirmative defense that the transfer of the $40,000 was made in consideration of a debt owed to her by Donald Scavello as a result of an oral agreement which was entered into at the time of the death of her grandfather nearly a decade earlier. The counterclaim also alleged that Donald Scavello owed her the additional sum of $10,000.

Following a trial, judgment was entered for the petitioner, Marcella Scavello, as administratrix of the Estate of Donald E. Scavello, and against the respondent, Beverly Scott. The trial court concluded that the transfer was null and void on the grounds that it was colorable and illusory, without consideration, and in violation of the provisions of C.R.S. 1963, 59-1-17.[1]

In reversing the trial court, the court of appeals held that the cause of action to challenge the conveyance as being merely colorable belonged to the petitioner individually and could not be pursued by her in her capacity as administratrix of Donald Scavello's estate. Since the trial court dismissed the petitioner's individual claim, the court of appeals held that the judgment could not stand on that basis. It also held that the conveyance was not void as a fraudulent conveyance because no fraud against the estate was proven.

The principles applicable to colorable and illusory conveyances were reviewed in *Smith v. Smith*, 22 Colo. 480, 46 P. 128 (1896) (reported on second appeal in 24 Colo. 527, 52 P. 790 (1898)):

"It is not necessary in this case, and it is not our intention to say anything that will prevent the husband, during his lifetime, from selling his personal property, or transferring his real estate for such consideration as he may be willing to accept, or without consideration, provided always that the transaction shall be absolute and *bona fide*, and not colorable merely, but what we do say is, where, as here, the complaint charges, and the evidence shows, that the transaction complained of is colorable only and resorted to by the husband for the purpose of defeating his wife's right as his heir, he hoping thereby to obtain the full benefit of the property to the last hour of his life, and at the same time being able to deprive her of all interest therein as his heir, is as much of a fraud on the part of the husband as it is for a debtor, having in contemplation the incurring of an indebtedness, to

---

[1]Now section 38-10-117, C.R.S. 1973.

put his property beyond his control, and the courts have universally declared the latter to be in violation of the statute of frauds. The same principle should govern in this case. . . ."

The court also held that a colorable conveyance could be set aside only by a defrauded heir.

Subsequent cases establish that the administrator of the transferor's estate is authorized and also has standing to bring actions to set aside colorable *inter vivos* transfers. *Norris v. Bradshaw,* 92 Colo. 34, 18 P.2d 467 (1932); *Grover v. Grover, 69* Colo. 72, 169 P. 578 (1917). In *Grover* this court stated:

"Without discussion, Sec. 7140 Rev. Stat. 1908,[2] must be held to confer sufficient authority upon the administrator to bring this action. Indeed, the section expressly confers the power upon the administrator, and makes it his duty 'to sue for, recover and preserve the estate both real and personal.'. . ."

The cases relied upon by the court of appeals do not support a contrary conclusion. All those cases involve *inter vivos* transfers that were upheld on the basis that they were *bona fide* transactions and were not merely colorable. *Moedy v. Moedy*, 130 Colo. 464, 276 P.2d 563 (1954); *Estate of Burton*, 100 Colo. 567, 69 P.2d 307 (1937); *Norris v. Bradshaw*, 96 Colo. 594, 45 P.2d 638 (1935); *Hageman v. First National Bank of Denver*, 32 Colo. App. 406, 514 P.2d 328 (1973).

In *Moedy v. Moedy, supra,* a father, more than two years prior to his death, transferred real property to his son and himself in joint tenancy, and the transfer was upheld over the wife's claim that the transfer was not *bona fide* and was merely colorable. This case, in form only, is similar to the *Moedy* case. Here, the evidence before the trial court, both direct and circumstantial, indicated that Donald Scavello caused the cashier's check to be issued in the name of his niece and himself while a divorce action was pending and property settlement issues were in hot dispute. In both this case and the *Moedy* case, the transfers appeared to be *bona fide* on their face. However, the fact that a third party obtains an interest with the transferor is not the determinative factor. The trier of the fact must examine the evidence to determine not only the manner in which title is held, but also to determine whether the transfer is colorable and illusory.

A transfer which is merely colorable is invalid. *Ellis v. Jones*, 73 Colo. 516, 216 P. 257 (1923). Whether the transfer in this case was merely colorable and illusory was a question to be resolved by the trier of fact. In that capacity, the trial court concluded that the conveyance was

---

[2]C.R.S. 1963, 153-10-13, at the time of Donald Scavello's death, since replaced by sections 15-12-709, 710, 711, C.R.S. 1973.

"colorable and illusory." Donald Scavello's transfer of the check, made payable to himself and Beverly Scott, was, therefore, a mere pretense and was void; full ownership remained in Donald Scavello. Upon his death, it became the duty and right of the administratrix "to sue for, recover and preserve the estate, both real and personal."

The trial court rested its decision on three independent grounds: that the conveyance was colorable and illusory, without consideration, and in violation of C.R.S. 1963, 59-1-17. Since the trial court's result is sustainable on the basis that the transfer was colorable and illusory, it is not necessary to decide whether the transfer was also void for the other asserted reasons.

Accordingly, the judgment of the court of appeals is reversed, and the cause is returned to the court of appeals with directions to reinstate the district court's judgment.