In re the MARRIAGE OF John Zareh PALANJIAN, Appellant,

and

Alice Palanjian, Appellee.

No. 84CA0243.

Colorado Court of Appeals, Div. I.

Aug. 28, 1986.

Russell & Parrish, James S. Russell, Denver, for appellant.

Matassa, Dean & Sampson, Carolyn L. Sampson, Wheatridge, for appellee.

METZGER, Judge.

In this dissolution of marriage action, John Palanjian (husband), appeals the trial court's division of property and maintenance award to Alice Palanjian (wife), asserting that it abused its discretion (1) in awarding a significant portion of marital property to the wife; (2) in awarding $400 per month maintenance to the wife; and (3) in awarding interest of 12 percent of monies owed to the wife by the husband. He further asserts that the trial court erred in refusing to change its written findings, prepared by the wife's attorney, to conform to its oral findings. We affirm in part and reverse in part.

The lengthy record in this case shows that the husband emigrated to the United States from Lebanon in 1953 and returned to Beirut, Lebanon, to marry the wife in 1961. They returned to the United States almost immediately, where the husband worked diligently and eventually opened a business which made computer components. Three daughters were born and, until 1967, the wife occupied herself as a

homemaker. In 1967, the wife's mental condition began to deteriorate, and from approximately 1970 on, the husband reared their daughters single-handedly, maintaining the household while working long hours to establish his business and pay the family expenses.

During the pendency of this dissolution action begun in 1980, the wife was adjudicated mentally incompetent based on a diagnosis that she suffered from paranoid schizophrenia.

At the hearing on property division, the trial court valued the family home at $80,-000, awarded the wife $30,000 and ordered the husband to execute a note for this amount with interest at 12 percent, payable upon sale of the house or six months after emancipation of the minor children. The court neglected to order the wife to transfer her interest in the house to the husband.

The husband had sold his business in 1982 and, as part payment, took a note paying principal and interest in monthly installments of $1,559.94. The trial court found that the note was marital property, and awarded the husband two-thirds of the principal and all of the interest on the note. However, the court then ordered that the wife be given one-third of the monthly principal and interest payments until her one-third share was paid in full.

The husband had instituted a pattern of giving monetary gifts to his daughters in 1970 by initiating and adding to custodian or trustee accounts. In 1982, the husband combined these accounts with other family resources and created one "jumbo account," consisting of a $130,000 certificate of deposit in a California savings and loan institution, selected because of its high interest rate. In 1983 this account was closed and some of the proceeds were redistributed into three separate accounts for the daughters which included their original separate account values, interest earned pro rata, and additional gifts to each daughter. In its oral findings, the trial court initially awarded each daughter's separate account to her, then, upon questioning from the wife's attorney, awarded each daughter only the value in her separate account prior to its inclusion in the "jumbo account." It declined to award the portions of interest earned on the "jumbo account" and the 1983 gifts.

The wife moved to California during the pendency of the dissolution proceedings, and lived with her sister and brother-in-law. Although the husband was unemployed at the time of the permanent orders hearing, the court ordered him to pay $400 per month maintenance.

I.

Property Division

A.

The husband first contends that the trial court abused its discretion in its award of marital property because the undisputed evidence showed that the wife, because of her illness, made no contribution to the marriage, the children, the household, or the business after 1967. We disagree.

The trial court is required to divide the marital property in such proportions as it deems just after considering all relevant factors including those set out in § 14-10-113(1), C.R.S. The division of marital property in dissolution proceedings is committed to the sound discretion of the trial court, and there is no rigid mathematical formula that the court must adhere to. *In re Marriage of Sorensen*, 679 P.2d 612 (Colo.App.1984).

The trial court's award to the wife of ⅝ of the family home value and ½ of the personalty is not an abuse of discretion. While the wife's contributions since 1967 were nonexistent because of her illness, the record shows that the trial court properly considered the factors in § 14-10-113(1), C.R.S., in reaching its decision, and we will not disturb it on review.

B.

The husband next contends that the trial court erred in its determination that the interest earned on the funds in the "jumbo

account" and the 1983 transfers to his daughters were marital property. We agree as to the interest and disagree as to the 1983 transfers.

Gifts of property made unilaterally by one spouse are only valid if the transactions are bona fide and not colorable. *In re Marriage of Kaladic,* 41 Colo.App. 419, 589 P.2d 502 (1978). A court must make specific findings to determine whether any transfers of funds were illusory. *In re Scavello v. Scott,* 194 Colo. 64, 570 P.2d 1 (1977).

■ We conclude that the trial court erred in refusing to award pro rata the interest earned on the daughters' funds in the "jumbo account." It had already determined that some of the funds in that account belonged to the daughters at the time the account was created. That being the case, the interest earned on those funds belonged, as a matter of right, to the daughters.

■ However, we uphold the trial court's determination that the additional funds given by the husband to his daughters on redistribution of the "jumbo account" in 1983 was not a valid gift. This redistribution occurred only a few months before the permanent orders hearing, and involved $16,000, a sizeable sum. The trial court's finding that there was not a completed gift is supported by the record, and we will not alter it on review.

### C.

The husband next asserts that the trial court erred in entering an internally inconsistent order concerning interest payments. We disagree.

■ When the husband sold his business he received an interest-bearing note which, at the time of the permanent orders hearing, had an unpaid principal balance of $31,019. The note provided for monthly principal and interest payments of $1,559.94. The trial court awarded the wife $10,306, and the balance to the husband, including all interest on the note. The court then ordered that the wife "re-

ceive one-third of the $1,559 monthly payment towards her $10,306 share of the note." Thus, wife was to receive $519.67 until such time as her total of $10,306 was reached. We find no inconsistency.

### D.

The husband asserts that since the trial court awarded the family home to him, it erred in failing to order that the wife transfer her interest in the home to him. We agree.

■ The family home was jointly titled in the parties. The trial court awarded it to the husband and ordered him to execute a note and deed of trust to the wife for $30,000 at 12 percent interest, which was accomplished. Under these circumstances, we conclude that the court erred in not ordering a transfer of title to the husband.

### E.

■ The husband next contends that the trial court abused its discretion in ordering that he pay 12 percent interest on the note to the wife for her interest in the family home. He argues that § 5–12–102, C.R.S., should apply, and that an interest rate of only 8 percent should have been ordered. We conclude that the trial court did not abuse its discretion.

Interest may be awarded on a spouse's equity in the family home for the period between the dissolution and the payment of the equity. *In re Marriage of Garcia,* 638 P.2d 848 (Colo.App.1981).

In *In re Marriage of Hoffman,* 650 P.2d 1344 (Colo.App.1982), we upheld an award of 10 percent interest, reasoning that it allowed the recipient interest on her money as a substitute for the investment opportunities that would have been available had she received the lump sum. The same reasoning applies here. The trial court is required to balance the equities in dividing property, and we decline to hold that all interest awards in property division situations must be limited to the statutory rate. To do so would unduly hamper the trial court's discretion.

### F.

■ The husband's argument, that the trial court improperly classified his Las Vegas gambling losses as a waste of marital funds, is unsupported by the record.

### II.

#### Maintenance

The husband contends that the award of $400 per month to the wife as maintenance is excessive. We do not agree.

■ An award of maintenance is discretionary with the trial court and will not be set aside unless there is an abuse of that discretion. *In re Marriage of Anderson,* 37 Colo.App. 55, 541 P.2d 1274 (1975). The husband argues that, because the wife is living with her relatives in California and they are able to contribute to her support, the trial court's award of maintenance is excessive. We disagree. The trial court's findings, as required by § 14–10–114, C.R.S., are amply supported by the record. Thus, the trial court did not err. But *see In re Marriage of Serdinsky,* 709 P.2d 69 (Colo.App.1986).

The judgment is reversed as to the award of interest on the children's funds and as to the trial court's failure to require that the wife's interest in the family home be deeded to the husband, and the cause is remanded for entry of a new order consistent with the views expressed in this opinion on those issues. In all other respects, the judgment is affirmed.

PIERCE and STERNBERG, JJ., concur.